UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:15-CR-21-T-35AEP

FLORIANO FLORESMILO CACIERRA-RUA
_____/

**DEFENDANT'S REQUEST FOR A REASONABLE SENTENCE**

The Defendant, FLORIANO FLORESMILO CACIERRA-RUA, by undersigned counsel and pursuant to 18 U.S.C. §3553(a), hereby respectfully moves this Court for a sentence of 12 years, and submits that such a sentence is reasonable and no higher than necessary to accomplish the goals of sentencing. In support, Mr. Cacierra highlights the following:

Mr. Cacierra is being sentenced for his role in a conspiracy to possess with intent to distribute over 5 kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§70503(a)(1), 70506(a) and (b), and 21 U.S.C. §960(b)(1)(B)(ii). Doc. 1. Because Mr. Cacierra was the captain of the three-man crew aboard the panga, the advisory guideline range for him is 168-210 months' imprisonment (or a low-end of 14 years). PSR ¶65. Presumably his two crewmates face an advisory range of 135-168 months' imprisonment (or a low-end of 11 years, 3 months).

1

Mr. Cacierra was raised in poverty in Equador along with two younger sisters, a younger step-brother, and a younger "adopted" brother. PSR ¶¶35, 39-42. When Mr. Cacierra was six years old his biological father left the family, and the children were primarily raised by their mother until their step-father came into their lives. PSR ¶¶35, 38. Mr. Cacierra still harbors resentment toward his biological father, but respects his step-father, and gets along well with his sisters and step-brother. PSR ¶¶36, 38-41. He misses his family very much and worries about his mother who has health issues and is unable to work. PSR ¶37.

Despite the significant financial hardships he faced as a child, Mr. Cacierra graduated high school and was studying electrical repair at a technical school prior to his arrest in the instant case. PSR ¶¶53-54. He was eager to leave the fishing industry and become licensed in a trade to better support his family in the future; he hopes to continue his electrical training in prison. PSR ¶¶56. Both Mr. Cacierra's biological- and step-fathers have been involved in the fishing trade, and Mr. Cacierra is a skilled navigator, but the business does not pay well enough to bring families out of poverty, which is what Mr. Cacierra wants for his children.

Mr. Cacierra has an 8-year-old daughter for whom he used to provide $80 per month in support. PSR ¶43. Unfortunately, according to Mr. Cacierra and his sister, the child's mother would spend that money on herself instead of their daughter. *Id*. Still, Mr. Cacierra's daughter is in good health and attending school.

PSR ¶44. Mr. Cacierra also has a second daughter whom he has never met – this child was born in March 2015 to a woman who is Mr. Cacierra's common-law wife. PSR ¶46. She is currently unemployed and living with her mother while Mr. Cacierra remains incarcerated. *Id*. Mr. Cacierra's arrest and pending lengthy term of prison will take a toll on his daughters, and this is a painful collateral punishment for Mr. Cacierra who committed the offense to better support them.

Mr. Cacierra was offered $25,000 to captain a small crew on a "go fast" panga across open waters to an international destination with an amount of cocaine that was later tested to be 640.465 grams. PSR ¶¶11, 13-14. He received $2,000 up front (the same as the other two crewmen), met the other two crewmen on the day of departure, and was given a satellite phone and GPS pre-set with coordinates and a phone number. PSR ¶¶11-13. The trip would have been about 500 miles total had the U.S. Coast Guard not intercepted the panga on January 23, 2015, about four days after the crew had initially departed from the Ecuadorian beach. PSR ¶¶13-14. At the time this trip occurred, Mr. Cacierra's common-law wife was approximately 7 months pregnant. PSR ¶46. Mr. Cacierra has stated that his motives were financial, because he was not earning enough money by fishing, and he felt compelled to better provide for his family. PSR ¶17. Mr. Cacierra is remorseful for his conduct and will be easily deterred by any period of prison that keeps him away from his family. *Id*.

Even though the guideline ranges and general facts of these "boat cases" are often very similar, the defendants each have their own independent motivations, families, and backgrounds. This Court is well aware of her ability to consider such mitigating information pursuant to 18 U.S.C. §3553(a) when imposing a reasonable sentence. Here, this hazardous undertaking involved an exposed panga on open waters (known to be patrolled by the U.S. Coast Guard and other armed vessels) for days carrying three men, fuel, and cocaine. The uncontested evidence in the final Presentence Report indicates that Mr. Cacierra agreed to partake in this perilous scheme because he was going to be well paid and he was desperate for the money to support his daughter and baby-on-the-way. He was trying to find alternative ways to leave the fishing trade so he would not be tempted by such offers. In fact, his ongoing training in the electrical trade may lead to him finding work away from the docks and the unindicted co-conspirators who planned and stood to profit most from this trip. Mr. Cacierra respectfully asks this Court to view his role in the larger scope of the entire drug conspiracy, his financial motives for joining in this trip, and the small scale of the venture that he captained. He asks this Court to impose a sentence two years less than the low-end of the guideline range because 12 years appropriately punishes this conduct, deters this defendant and others like him, and takes into account his life circumstances.

WHEREFORE, the Defendant, FLORIANO FLORESMILO CACIERRA-RUA, respectfully moves this Honorable Court for a sentence of 12 years, and submits that such a sentence is reasonable and no higher than necessary to accomplish the goals of sentencing

Respectfully submitted this 14th day of July, 2015.

    DONNA LEE ELM
    FEDERAL DEFENDER

    *s/ Jenny L. Devine*
    Jenny L. Devine
    Florida Bar No. 647616
    Assistant Federal Defender
    400 N. Tampa Street, Suite 2700
    Tampa, FL 33602-3945
    Telephone: 813-228-2715
    Facsimile: 813-228-2562
    Email: Jenny_Devine@fd.org

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2015, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following:

James C. Preston, AUSA

*s/ Jenny L. Devine*
Jenny L. Devine
Assistant Federal Defender